UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BALVINDER BALVINDER,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1228-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Balvinder Balvinder, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Balvinder is a native and citizen of India who entered the United States without inspection in 2023. ECF 8-1 at 2. He was issued a notice to appear at that time and released into the country. *Id.* at 2, 7. He applied for and received employment authorization. *Id.* at 7. On June 5, 2026, he was arrested in Indiana for public intoxication and later transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. *Id.* at 7, 10. ICE also issued a "Cancellation of Form I-220A," revoking Mr. Balvinder's most recent Order of Release on Recognizance. *Id.* at 11. On June 26, 2026, an immigration judge ordered him removed to India. *Id.* at 15-18. He appealed that decision to the Board of Immigration Appeals, and that appeal is still pending. *Id.* at 19.

Mr. Balvinder is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes, as well as the Due Process Clause of the Fifth Amendment. He seeks immediate release from custody or other relief "as is necessary and appropriate."

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. ECF 3. The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." *Id.* at 3. The Warden answered the petition. ECF 8. Mr. Balvinder has not filed any reply, and the time for doing so has expired.

The Seventh Circuit recently held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other

requirements."[1] *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Balvinder's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. ECF 8. The Warden nevertheless argues that Mr. Balvinder must exhaust his administrative remedies before seeking habeas relief, as he still has not "requested a bond hearing with the immigration court." *Id.* at 2. Mr. Balvinder has not filed any reply and does not respond to this argument.

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec*., 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

In light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden represents that if Mr. Balvinder moves for a custody redetermination in immigration court, a bond hearing will be scheduled and held. ECF 8 at 1. The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Although Mr. Balvinder asks for outright release, he was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). Under these circumstances, the appropriate course is to require Mr.

Balvinder to pursue a bond request in his removal proceedings. Unless he is found categorically ineligible for bond after requesting a custody redetermination by an immigration judge, it is premature for him to seek federal habeas relief.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on October 5, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT